IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: Aqueous Film-Forming Foams (AFFF) Products Liability Litigation | Transferee Case Number: 2:25-cv-4824 (D.S.C.)<br><br>*City of Wausau v. Georgia-Pacific LLC*, No. 3:25-cv-4 (W.D. Wis.) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

1

**PRELIMINARY STATEMENT**

Plaintiff, City of Wausau, asks this Court to effectively reverse the JPML's recent decision to transfer this case to the MDL. Plaintiff does so by rehashing the same arguments that it made to the JPML just a few months ago and that the JPML considered and rejected. *See City of Wausau v. Georgia-Pacific, LLC (In re: AFFF)*, MDL No. 2873, Transfer Order, Dkt. 3536 at 6 (J.P.M.L. June 2, 2025) ("Transfer Order"). Plaintiff does not even cite the JPML's decision, much less address the Panel's analysis that this case is inexorably intertwined with Plaintiff's parallel MDL case involving AFFF contamination of "the same six municipal wells." *Id.* at 3.

Plaintiff directly filed its first complaint in the MDL against AFFF manufacturers, alleging that its six groundwater wells contain PFAS from use of AFFF. *City of Wausau v. 3M Co.*, No. 23-cv-2923, Dkt. 1 ¶¶ 223-24 (D.S.C. June 22, 2023) ("*City of Wausau I*"). Then, the *same* Plaintiff represented by the *same* counsel filed a second complaint alleging that the *same* wells contain the *same* PFAS compounds from industrial and chemical businesses. *City of Wausau v. Georgia-Pacific LLC*, No. 25-cv-4, Dkt. 1 (W.D. Wis. Jan. 6, 2025) ("*City of Wausau II*"). Taking Plaintiff's allegations at face value, *City of Wausau I* and *City of Wausau II* belong in the same MDL.

The JPML agreed. Notwithstanding Plaintiff's artful pleading and claim splitting, the JPML found that *City of Wausau I* and *City of Wausau II* involve "the same six municipal wells" and allege "contaminat[ion] with PFAS, including from AFFF sources." Transfer Order at 3. The Panel held that *City of Wausau II* "will involve discovery as to the sources of the PFAS contaminants in the same water supply drawn from the same six municipal wells at issue in the City's MDL action," *City of Wausau I*. *Id.* at 4. "[T]his overlap" is "a central factual issue in both cases," and "transfer is warranted." *Id.*

Granting Plaintiff's request to depart the MDL would sow confusion by breaking from the Panel's consistent practice in these circumstances. The JPML has repeatedly held that where, as here, a plaintiff "is asserting two actions that relate to PFAS contamination of, potentially, the same water supply" and "could have asserted all of these claims in the same action but instead chose to split these claims across two actions," "[i]t would be inefficient for these actions to proceed separately and potentially prejudicial to the parties." *N.J. Am. Water Co. v. E.I. Du Pont de Nemours & Co. (In re: AFFF)*, Transfer Order, Dkt. 691 at 2 (J.P.M.L. Oct. 5, 2020). Indeed, if these cases had been filed separately in the Western District of Wisconsin, they would be obvious candidates for pretrial consolidation under Federal Rule of Civil Procedure 42 due to their overlapping questions of law and fact.

Allowing remand here would also risk inconsistent findings by different courts on the same issues, including the sources of the alleged PFAS in the same water sources. Remand would also risk inconsistent or multiple recovery for the same alleged injury under different legal theories, an outcome that is prohibited under CERCLA. 42 U.S.C. § 9614(b).

In short, these cases should remain together in this MDL, and this Court should deny Plaintiff's motion to remand in its entirety.

## PROCEDURAL BACKGROUND

The JPML instituted the AFFF MDL to centralize cases in which "plaintiffs allege that AFFF products used at . . . certain industrial locations caused the release of [perfluorooctane sulfonic acid ("PFOA") or perfluorooctonate sulfonate ("PFOS")] into local groundwater and contaminated drinking water supplies." *In re: AFFF*, 357 F. Supp. 3d 1391, 1394 (J.P.M.L. 2018). "Centralization w[ould] eliminate duplicative discovery; prevent inconsistent pretrial rulings

(including with respect to discovery, privilege, and *Daubert* motion practice); and conserve the resources of the parties, their counsel, and the judiciary." *Id.*

Plaintiff direct-filed *City of Wausau I* in this MDL, alleging that Plaintiff "detected PFAS in" the six groundwater wells it uses to operate a municipal water system. *City of Wausau I*, Dkt. 1 ¶¶ 223-24. Plaintiff states that "the PFAS contamination . . . is a direct and proximate result of fire protection, training, and response activities at [the Wausau Fire Department], resulting in the migration of PFAS into Plaintiff's water supply." *Id.* ¶ 225. Plaintiff blurs any distinction between PFAS compounds, stating that "AFFF Containing PFOS and PFOA is Fungible and Commingled in the Groundwater" and that AFFF with PFOS or PFOA "lacks characteristics that would enable identification" of the manufacturer. *Id.* ¶ 230. Plaintiff states that any "precise identification" of the sources of the PFAS in question "is nearly impossible." *Id.* ¶ 232.

Then, Plaintiff, represented by the same counsel, filed *City of Wausau II* in the Western District of Wisconsin. Plaintiff again alleges that its six groundwater wells contain PFAS compounds, including PFOA and PFOS. *City of Wausau II*, Dkt. 78 ¶¶ 58-59, 61. Plaintiff alleges that the PFAS came from owners and operators of industrial facilities, *id.* ¶¶ 4-57, including "chemical companies." Mot. to Vacate at 8, No. 25-cv-4, Dkt. 3329-1 (J.P.M.L. filed Mar. 5, 2025).[1]

After *City of Wausau II* was conditionally transferred to the MDL, on February 14, Plaintiff moved to stay the transfer and then moved to vacate it. Dkt. 3294, 3296, 3329-1. Plaintiff argued

---

[1] Plaintiff amended its complaint in the transferor court in the regular course. *City of Wausau II*, No. 25-cv-4, Dkt. 78 (W.D. Wis. filed Feb. 4, 2025). Yet Plaintiff also attaches to its motion a putative second amended complaint, without leave of Court. That exhibit does not operate as filing an amended complaint and "is without legal effect." *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998).

4

to the JPML—as it does here—that *City of Wausau II* is "not an AFFF action" because it does not "mention[] AFFF" or name a "manufacturer of AFFF." Mot. to Vacate at 1.

The JPML rejected Plaintiff's arguments. Transfer Order at 6. First, the Panel found that though Plaintiff did not name a traditional AFFF defendant in *City of Wausau II*, the claims allege "contaminat[ion] with PFAS, including from AFFF sources." *Id.* at 3. The two cases "involve discovery as to the sources of the PFAS contaminants in the same water supply drawn from the same six municipal wells at issue in the City's MDL action," *City of Wausau I*. *Id.* at 4. The "overlap" between *City of Wausau I* and *City of Wausau II* concerns "a central factual issue in both cases" and thus warranted transfer. *Id.* Plaintiff argued to the JPML, just as it argues here, that MDL discovery would not be helpful. The Panel disagreed, holding that ongoing product identification discovery, among other discovery, would provide information relevant to both cases. *Id* at 4 n.6.

Following transfer, several Defendants pled counterclaims against Plaintiff. *See, e.g.*, *City of Wausau II*, Dkt. 7677, 7681. Those Defendants point to Plaintiff's admissions in *City of Wausau I* that Plaintiff caused AFFF to contaminate the six wells at issue and is responsible for the presence of PFAS there.

## ARGUMENT

**I.     The JPML's Transfer of *City of Wausau II* Was Justified and Follows Its Precedent Coordinating Cases Involving PFAS From AFFF in the Same Bodies of Water**

Plaintiff's overarching argument to depart from this MDL is that *City of Wausau II* purportedly does not involve AFFF manufacturers. Mot. at 2, 5. Plaintiff raised the same argument before the JPML, and the JPML disagreed.

Plaintiff made clear in its pleadings that this case involved AFFF and AFFF manufacturers. In *City of Wausau I*, Plaintiff stated that "AFFF Defendants designed, manufactured, marketed,

5

distributed, and sold AFFF products containing PFOS, PFOA, and/or their chemical precursors that were stored, handled, used, trained with, tested equipment with, otherwise discharged, and/or disposed at [Wausau Fire Department]." *City of Wausau I*, Dkt. 1 ¶ 62. Plaintiff further stated that "the PFAS contamination described above is a direct and proximate result of fire protection, training, and response activities at WFD [Wausau Fire Department], resulting in the migration of PFAS into Plaintiff's water supply" from its "6 groundwater wells." *City of Wausau I*, Dkt. 1 ¶¶ 8, 223-25. Plaintiff emphasizes that PFAS compounds are fungible, that AFFF cannot be distinguished from PFOA or PFOS, and that "precise identification" of the source of PFAS "is nearly impossible." *Id.* ¶¶ 230, 232.[2]

Plaintiff makes the same allegations in *City of Wausau II*: that Plaintiff detected the same PFAS compounds in the very same wells. *City of Wausau II*, Dkt. 78 ¶¶ 58-59, 61.

As Plaintiff framed the issues, *City of Wausau I* and *City of Wausau II* involve the same claims (by the same counsel) about the same PFAS compounds in the same six wells. Though Plaintiff's counsel tried to plead around the MDL by splitting its claims and omitting references to AFFF, it was not difficult for the JPML to see through that tactic: "Although *City of Wausau* [*II*] . . . does not name any traditional AFFF defendant, it will involve discovery as to the sources of the PFAS contaminants in *the same* water supply drawn from *the same* six municipal wells at issue in the City's MDL action." Transfer Order at 4 (emphasis added). "Given this overlap as to a central factual issue in both cases, transfer is warranted." *Id.*

Keeping *City of Wausau II* in the MDL also makes practical sense. Two courts assessing the same factual questions will heighten the risk of inconsistent rulings on the same issues, even

---

[2] Plaintiff's pleading contradicts Plaintiff's new assertion that "different groups of PFAS" are involved in *City of Wausau I* and *City of Wausau II*. Mot. at 4.

6

potentially inconsistent outcomes. Plaintiff's splitting its claims and filing in different courts sought to obtain multiple recoveries for the same alleged injury, a result that CERCLA prohibits. 42 U.S.C. § 9614(b).

The JPML's transfer of *City of Wausau II* to this MDL is consistent with other orders in which the JPML rejected attempts to evade the MDL by splitting claims involving AFFF in the same water source. For instance, in *New Jersey-American Water Co.*, the plaintiff filed one complaint with AFFF-only claims and another with non-AFFF-only claims. *NJAW (In re: AFFF)*, Transfer Order, Dkt. 691 at 1-2. The plaintiff objected to transferring the purportedly non-AFFF complaint. *Id.* at 1-2. The Panel disagreed, underscoring that both complaints pertained to the same water supply and belonged in the same MDL:

> [I]n two separate actions, plaintiff is seeking (or potentially seeking) recovery for PFAS contamination of *the same water supply*; in one action from PFAS discharged by the Chambers Works; in the other from PFAS incorporated into AFFF products. . . . Plaintiff could have asserted all of these claims in the same action, but instead chose to split these claims across two actions. It would be inefficient for these actions to proceed separately and potentially prejudicial to the parties.

*Id.* at 2 (emphasis in original). This holding applies with the same force here.

So, too, *Broy v. 3M Co. (In re: AFFF)* involves a putative class action for injury due to PFAS in a city water supply. Transfer Order, Dkt. 1927 at 2 (J.P.M.L. June 5, 2023). Though the complaint "d[id] not contain any allegations relating to AFFFs," the Panel found that the city water provider alleged—in a separate and previously centralized complaint—that AFFF contributed to the presence of PFAS in the city's water supply. *Id.* at 2. The Panel held that transfer of the non-AFFF complaint was proper because "[r]egardless of how plaintiffs characterize their complaint, these actions are sufficiently intertwined that transfer is necessary to avoid duplicative discovery and pretrial proceedings." *Id.*; *see Nessel v. 3M Co. (In re: AFFF)*, Transfer Order, Dkt. 1020 at 3-5 (J.P.M.L. June 7, 2021); Transfer Order, MDL No. 2873, Dkt. 2938 (J.P.M.L. Oct. 4, 2024).

7

The JPML applied the same reasoning here and rejected Plaintiff's assertion that transferring these types of cases would overwhelm the MDL with non-AFFF cases. Including *City of Wausau II* in the MDL is consistent with the JPML's precedent, established over several years, of keeping cases together in the MDL that involve overlapping claims about PFAS from AFFF in the same bodies of water even if other defendants are included who did not make AFFF. Plaintiff's tactical effort to split its claims and file parallel complaints about the same issues should not be rewarded with a remand.[3]

## II. In Addition to Overlapping Facts, Plaintiff's Tort Claims Overlap With Those Already in the MDL

Plaintiff asserts that "*[n]one*" of its tort claims are otherwise at issue in the MDL and suggests that *City of Wausau II* involves "*only* CERCLA claims." Mot. at 3, 10 (emphasis added). Plaintiff's assertions are refuted by Plaintiff's own complaints.

| *City of Wausau I* Tort Claims<br>(*City of Wausau I,* Compl., Dkt. 1) | *City of Wausau II* Tort Claims<br>(*City of Wausau II,* Compl., Dkt. 1) |
|---|---|
| ☑ **Negligence** (¶¶ 255-65) | ☑ **Negligence** (¶¶ 126-39) |
| ☑ **Failure to Warn** (¶¶ 248-54) | ☑ **Failure to Warn** (¶¶ 140-46) |
| ☑ **Trespass** (¶¶ 266-71) | ☑ **Trespass** (¶¶ 100-05) |
| ☑ **"Punitive Damages"** (¶¶ 288-91) | ☑ **"Punitive Damages"** (¶¶ 124-25) |

Plaintiff attempts to obscure the overlap between its two complaints by labeling *City of Wausau II* as a "CERCLA complaint" and omitting any reference to its tort claims. Mot. at 7. Yet artful labels, like artful pleading, cannot disguise the plain text of Plaintiff's claims. That Plaintiff alleges the identical causes of action in *City of Wausau I* against AFFF manufacturers that Plaintiff alleges in *City of Wausau II* against other defendants underscores that the cases belong together

---

[3] Plaintiff's comment that a case in the MDL would "avoid a local jury," Mot. at 3 & n.3, reflects a basic misunderstanding of MDL practice. *See, e.g.*, 28 U.S.C. § 1407(a).

8

for common pretrial management in the MDL. For example, general discovery and depositions in the MDL pertaining to AFFF product identification, design, risks, knowledge, and use will inform the claims, counterclaims, and defenses in *City of Wausau II*. The same goes for expert discovery pertaining to AFFF. It would undermine judicial efficiency for these proceedings to occur separately in different courts before different judges merely because one of the cases also includes a CERCLA claim in addition to identical tort claims.

Plaintiff asserts, with no support, that there is "no plausible circumstance" in which a bellwether process would promote efficient management of *City of Wausau II*. Mot. at 2. But as Plaintiff's counsel must know from being part of MDL leadership, the Court has left open the bellwether process for cases alleging real-property damage from AFFF discharge. *In re: AFFF*, CMO 32, Dkt. 6892 (D.S.C. April 1, 2025).

The JPML also rejected Plaintiff's argument that "there will be no opportunities for common discovery." Transfer Order at 4. As the Panel noted, "on-going product identification discovery is anticipated to produce information relevant to at least some water provider actions" because "Product ID Profile Forms are to include, for each site, a listing of other cases in the MDL involving nearby public water systems for which the site could be 'the source of the AFFF contamination in any drinking water supply.'" *Id.* at 4 n.6.

Plaintiff avoids mention of the overlap in general discovery and instead points to the future need for case-specific discovery, including defendant-specific discovery in the particular location. Mot. at 6. Yet nearly every case in the MDL will involve some case-specific issues that are particular in the specific case and not in common with others. That is no reason to disregard the efficiencies from general discovery in the MDL, including with respect to product identification discovery that is proceeding apace.

Contrary to Plaintiff's view, examination of the CERCLA claims supports coordination in the MDL. Those CERCLA claims also turn on the use and product identity of AFFF such that they are best served by remaining in the MDL. In responding to Plaintiff's CERCLA claims, many Defendants filed counterclaims based on Plaintiff's admissions that PFAS it discharged from AFFF contaminated the six wells at issue. Therefore, CERCLA litigation in *City of Wausau II* will benefit from the same discovery regarding AFFF identification and use that is already underway in the MDL and will be necessary for Plaintiff's tort claims that are raised in both cases. The JPML has held that raising AFFF sources as a "defense or an alternate theory" supports transfer into the MDL. *Nessel*, Transfer Order, Dkt. 1020 at 4 n.5.

That Plaintiff pled identical and overlapping tort claims also readily distinguishes this case from *Town of East Hampton v. Incorporated Village of East Hampton. In re: AFFF*, Dkt. 7416 (D.S.C. June 24, 2025). There, the plaintiff alleged ***only*** CERCLA and RCRA claims and did not have overlapping common law claims that interlock with parallel claims for AFFF contamination in the very same wells. *Id.* at 1. Moreover, the Court's order there merely reflected the obvious point that a case does not belong in this MDL "*solely* because the [Plaintiff] is a party to other member cases in the MDL." *Id.* at 5. *City of Wausau* is not such a case. *City of Wausau II* is in this MDL not because Plaintiff is named in both cases, but because the underlying claims and subject matter are identical.[4] Moreover, whereas *City of Wausau I* and *II* involve claims about the Plaintiff's six groundwater wells, the two cases relevant to *Town of East Hampton* involve private

---

[4] Plaintiff's vague and unexplained speculation about "bankruptcy" of unidentified parties does not support remand. Mot. at 1. Plaintiff, not Defendants, chose to pursue claims against various groups of defendants, and Plaintiff has admitted that it bears substantial liability itself. If anything, coordinated proceedings in an MDL lowers costs and burdens and achieves efficiencies.

wells of unknown identity, numbering in the hundreds. *See Town of East Hampton v. Incorporated Village of East Hampton*, No. 20-cv-1665, Dkt. 1 ¶ 92.

Accordingly, the presence of an additional CERCLA claim in *City of Wausau II* does not justify remanding the case and separating it from *City of Wausau I*.

That *City of Wausau I* and *City of Wausau II* would be ready candidates for consolidation under Fed. R. Civ. P. 42 had they both been filed in the Western District of Wisconsin underscores that they belong together in the MDL. A court may consolidate actions that involve merely "***a*** common question of law or fact," Fed. R. Civ. P. 42(a) (emphasis added), which is amply demonstrated above. Plus, as shown above, the discretionary factors under Rule 42 favor keeping the cases together in the MDL, including avoiding the "risk of inconsistent adjudications," lowering the "burden on the parties," and maximizing "judicial economy." *L.G. v. Brock*, 2019 WL 5085523, at *2 (D.S.C. Oct. 10, 2019). Conversely, separating the cases by remanding *City of Wausau II* would multiply litigation proceeding before two different courts hearing the same issues, risking inconsistent ruling and prejudicing the parties.

## CONCLUSION

For the forgoing reasons, Defendants respectfully request that the Court follow the JPML's conclusion that *City of Wausau II* should be in the MDL and deny Plaintiff's motion to remand in its entirety (Dkt. 7680).

Dated: October 6, 2025

Respectfully Submitted,

*/s/ John A. Sheehan*
John A Sheehan
Heather Aline Davis
**Earth & Water Law PLLC**
1455 Pennsylvania Ave., N.W. Suite 400
Washington, DC 20004
301-980-5032
john.sheehan@earthandwatergroup.com
heather.davis@earthandwatergroup.com

*Counsel for Graphic Packaging International LLC*

*/s/ Ronald Robert Ragatz*
Ronald Robert Ragatz
**DeWitt LLP**
25 W. Main Street, Suite 800
Madison, WI 53703
608-255-8891
rrr@dewittllp.com

*Counsel for Brokaw Development LLC, Brokaw Holdings LLC, and TerX Shredding & Recycling Company LLC*

*/s/ H. Joseph Drapalski III*
H. Joseph Drapalski III
**Norton Rose Fulbright US LLP**
555 S. Flower Street
Ste Forty-First Floor
Los Angeles, CA 90071
213-892-9282
joseph.drapalski@nortonrosefulbright.com

Edward M. Casmere
**Norton Rose Fulbright US LLP**
1045 W. Fulton Market Suite 1200
Chicago, IL 60607
312-964-7800
ed.casmere@nortonrosefulbright.com

*Counsel for TriMas Corporation*

*/s/ Paul A. LaFata*
Paul A. LaFata
**Dechert LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10336-6797
212-698-3539
Paul.LaFata@dechert.com

*Counsel for Wausau Paper Corp., Essity Operations Wausau LLC, and Essity Professional Hygiene North America LLC*

*/s/ Robert Edward Dunn*
Robert Edward Dunn
**Eimer Stahl LLP**
1999 S. Bascom Ave., Ste 1025
Campbell, CA 95008
408-889-1690
rdunn@eimerstahl.com

Ryan J. Walsh
**Eimer Stahl LLP**
10 E. Doty Street, Suite 621
Madison, WI 53703
608-620-8346
rwalsh@eimerstahl.com

*Counsel for Georgia-Pacific, LLC*

*/s/ Andrew William Davis*
Andrew William Davis
**Stinson LLP**
50 S 6th Street, Ste. 2600
Minneapolis, MN 55402
612-335-1500
andrew.davis@stinson.com

*Counsel for Marathon Electric LLC and Regal Rexnord Corporation*

12

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2025 by electronically filing the foregoing document with the Clerk of Court through the CM/ECF system, a true and correct copy of the foregoing was served to all known counsel of record by notice of electronic filing.

*/s/ Paul LaFata*
Paul LaFata