IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>*This Document Relates To*:<br><br>Transferee Case Number:<br>2:25-cv-4824 (D. S.C.)<br><br>*City of Wausau, Wisconsin v. Georgia-Pacific LLC, et al.*<br>No. 3:25-cv-00004 (W.D. Wis.) |

**MEMORANDUM OF LAW IN SUPPORT OF CITY OF WAUSSAU'S MOTION TO REMAND OR FOR A SUGGESTION TO JUDICIAL PANEL ON MULTIDISTRICT LITIGATION TO REMAND THIS CERCLA LITIGATION SOLELY COMMENCED AGAINST LOCAL DEFENDANTS TO THE WESTERN DISTRICT OF WISCONSIN**

The City of Wausau, Wisconsin (the "City"), by and through its undersigned counsel, Napoli Shkolnik PLLC, submits this memorandum of law pursuant to Rule 10.1(b) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("JPML") in support of its motion to remand and/or for a suggestion to the JPML to remand this litigation back to the United States District Court for the Western District of Wisconsin ("W.D. Wisc."). Because the City's Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") claims are commenced solely against local defendants, remand to the W.D. Wisc. would remove a member case from the Court's docket in this MDL, avoid having the Court delve into case-specific issues and parties that are not shared by the other member cases in this MDL, reduce the risk of bankruptcy by defendants in the MDL, and promote the chief aim of CERCLA, that being the quick and efficient cleanup of recognized hazardous materials around the country.

Good cause exists to remand this action.[1] As mentioned, this CERCLA case was filed solely against local defendants and presents few, if any, issues that overlap with the other member cases in this MDL. Importantly, neither the defendant AFFF manufacturers nor the United States government have been named as defendants in the present case. Further, contamination of drinking water due to the release of aqueous film forming foam ("AFFF") is not an issue in this case. Again, the City's asserted CERCLA claims concern the release of hazardous substances by certain *local defendants* in the Wausau area, whereas the defendants this MDL has focused on thus far have been the manufacturers of AFFF and its components, virtually all of whom manufacture, sell, and/or distribute their respective products on a national scale. Moreover, there is no plausible circumstance under which this case will be the subject of bellwether proceedings in this MDL or included within the scope of a global settlement. Therefore, good cause exists to remand this case to the Western District of Wisconsin.

## BACKGROUND

This case arises from the contamination of Plaintiff's public drinking water system in Wausau, Wisconsin (the "Water System") with PFAS. Plaintiff provides drinking water to its approximately 40,000 residents, as well as commercial and industrial users. *See* Am. Compl. ¶ 58. In 2019, Plaintiff discovered very high levels of PFOS and PFOA in its drinking water. *See id.* ¶ 59. Plaintiff immediately began implementing PFAS removal and mitigation measures, including providing bottled water to all residents, constructing a new water treatment facility, and eventually constructed a long-term PFAS removal system. *See id.* ¶¶ 59-62. All of this work has fallen on the City at a cost of millions of dollars, because of contamination caused by the local defendants.

---

[1] The amended complaint for this CERCLA litigation is annexed as Exhibit A.

On January 6, 2025, Plaintiff initiated this lawsuit in the United States District Court for the Western District of Wisconsin by filing a complaint pursuant to 42 U.S.C. §§ 9607(a) and 9613(g) of CERCLA against a set of fourteen (14) local defendants.[2] In addition to CERCLA claims, Plaintiff also asserts claims for negligence, negligent failure to warn, public nuisance, and trespass. *See* Am. Compl. ¶¶ 88–146. In asserting the referenced claims, Plaintiff seeks to recover the past and future costs associated with investigating, monitoring, remediating, and otherwise responding to the contamination directly and proximately caused by Defendants' improper use, transport, storage, handling, release, discharge, and/or disposal of PFAS at their paper mills, manufacturing facilities, and other commercial and industrial activities. None of these tort claims against the Local Defendants share commonality with defendants in the MDL; adjudication of them would require this Court to turn its attention to these purely local issues.

Defendant Wausau Paper Corp. ("Wausau Paper") initiated the transfer of this action to the MDL as a tag along. By being allowed to have their case transferred to the MDL, Wausau Paper and other local defendants will benefit from avoiding a local jury, enjoying a case-specific-stay in the proceedings as other parts of the MDL play out, and thus a delayed resolution of the City's CERCLA and associated tort claims in this case.[3]

After the JPML transferred this case, certain defendants filed counterclaims for CERCLA contribution under 42 U.S.C. § 9613(f). *See, e.g.,* General Demand and Preliminary Statement of

---

[2] Those fourteen named defendants are: Georgia-Pacific LLC; Graphic Packaging International, LLC; Marathon Electric LLC; Regal Rexnord Corporation; Nelson Name Plate Company; Trimas Corporation; Wausau Paper Corp.; Essity Operations Wausau LLC; Essity Professional Hygiene North America LLC; Brokaw Development LLC; Brokaw Holdings, LLC; Terx Shredding & Recycling Company, LLC; Ahlstrom NA Specialty Solutions LLC; and Wausau Chemical Corporation. For purposes of the present motion, these defendants shall collectively be referred to as the "Local Defendants."

[3] For many decades Wausau Paper operated a mill that was the main employer and tax base for the Village of Brokaw, WI (very near the City of Wausau). When this paper mill closed in 2012 the Village of Brokaw suffered severe debt and unemployment. The Village of Brokaw ultimately dissolved on October 1, 2018, and was absorbed by the Village of Maine, WI. It is no surprise they want to avoid a local jury.

Affirmative Defenses of Defendants Essity Operations Wausau LLC, Essity Professional Hygiene North America LLC, and Wausau Paper Corp.; Counterclaim Against City of Wausau, Wisconsin, MDL No. 2:18-mn-2873-RMG (No. 102). The counterclaims do not raise any issues common to the other member cases in this MDL and relate solely to local issues in Wausau, WI.

There is no overlap in the Local Defendants or the factual or legal claims the City asserts and the defendants or issues in the MDL. The only similarity between this action and the MDL is that both allege some form of general PFAS contamination of water, albeit involving different groups of PFAS that were introduced into the water via different sources, at different times, and from different defendants.

The City has paid tens of millions of dollars to install treatment systems to remediate the PFAS contamination and in the decades ahead will continue to pay millions of dollars more in operating and maintenance costs for those treatment systems. Absent remand to the W.D. Wisc., these remediation costs will continue to be borne by the City and its residents while Plaintiff's claims against the local parties responsible remain stayed in this MDL for the foreseeable future. In addition, should the Court deny Plaintiff's request, the docket in this MDL could continue to expand as similar cases involving CERCLA claims against local defendants are filed and then transferred to this MDL using the same rationale that led to the transfer of the present case.

## **LEGAL STANDARD**

CERCLA provides for exclusive federal jurisdiction, meaning a CERCLA case must be brought in federal court. *See* 42 U.S.C. § 9613(b). The ultimate authority for remanding an action transferred to the MDL lies with the JPML. *See* 28 U.S.C. § 1407(a). Typically, a transferee court, in this instance, the District of South Carolina, begins the remand process when it recommends remand of an action to the transferor court by filing a suggestion of remand with the Panel. R.P.J.P.M.L. 10.1(b). Each action transferred to an MDL "shall be remanded by the panel at

4

or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." 28 U.S.C. § 1407(a).

"The Court's discretion to suggest remand generally turns on the question of whether the case *will benefit from* further coordinated proceedings as part of the MDL." *In re Merrill Lynch Auction Rate Sec. Litig.*, No. 09-MD-2030, 2010 WL 2541227, at *2 (S.D.N.Y. June 11, 2010) (emphasis added).[4] "The transferee court should consider when remand will best serve the expeditious disposition of the litigation." Manual for Complex Litigation § 20.133 (4th ed., Sept. 2024 update). "Because the purpose of multidistrict litigation is for the convenience of the parties and witnesses and to promote the just and efficient conduct of the cases, the decision of whether to suggest remand should be guided in large part by whether one option is more likely to insure maximum efficiency for all parties and judiciary." *In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, 2011 WL 1046162, at *4 (internal cites omitted).

An action can be remanded to its court of origin prior to the completion of pretrial proceedings "only upon a showing of good cause." Order Granting Plaintiff Town of East Hampton's Motion, IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION, 2:20-cv-1665-RMG, Dkt. No. 47, p. 4, June 24, 2025 (quoting *In re Integrated Res., Inc. Real Estate Ltd. P'ship Sec. Litig.*, 462 F. Supp. 388, 390 (S.D.N.Y. 1994)). The party seeking remand bears the burden of establishing remand is warranted. *See id*.

## ARGUMENT

I. **Remand Is Warranted Because This Action Exclusively Names the Local Defendants and Addresses Issues Not Common to Other MDL Cases**

Neither the manufacturers of AFFF or its components nor the United States government (the "Government") has been named as a defendant in this case. Rather, all the named defendants

---

[4] The City's claims will decidedly not benefit from further coordinated proceedings as part of the MDL.

5

in this action are, or were, entities local to the City of Wausau.  Accordingly, none of the common issues being litigated in the MDL concerning the general liability of the manufacturing defendants apply to this case.

CERCLA claims inherently concern site-specific issues and are *sui generis*.  To make out a prima facie case for CERCLA liability, a plaintiff must establish that: (i) the defendant is liable as an owner, operator, or arranger of a site; (ii) the site is a "facility" as defined by 42 U.S.C. § 9601(9); (iii) there has been a release or threatened release of a hazardous substance at the facility; and (iv) the plaintiff incurred costs responding to the release or threat of release, and those costs are consistent with the National Contingency Plan.  *See New York v. Next Millenium Realty, LLC*, 160 F. Supp. 3d 485, 504-5 (E.D.N.Y. 2016).  Once established, the responsible party has strict liability for investigation and remedial costs.  *See Burlington N. & Santa Fe Ry. Co. v. United States*, 556 U.S. 599, 608 (2009).  This site-specific inquiry is unrelated to issues the MDL addresses and would force this Court to wade into local matters that are particular to the City.

The existing CERLCA actions in the MDL overwhelmingly involve claims asserted against the Government for PFAS contamination at federal facilities, particularly military facilities, that used AFFF.  Issues concerning the Government's CERCLA liability are simply irrelevant to the City's claims against the Local Defendants in Wausau, Wisconsin.  Further, there is no benefit to the City of remaining in the MDL, considering there has been no indication that a bellwether process will be established for cases like this one, with the result being a delay of the City's ability to prosecute its claims and obtain relief.  If this Court recommended a transfer back to the W.D. Wisc., the City's claims could and would likely move more expeditiously towards a resolution.

Furthermore, the City's CERCLA case against the Local Defendants does not implicate many of the global issues that have been raised in the MDL, including the government contractor

defense, AFFF product identification, AFFF product formulation, manufacturer knowledge of AFFF harms, United States government knowledge of AFFF harms, manufacturer warning of AFFF, and governmental use of AFFF. None of those issues are implicated by the City's CERCLA case, nor could the defendants reasonably raise any of them. The critical issue in this case is whether the Local Defendants released PFAS into the environment (they did), and if so, whether any of that PFAS wound up in the City's drinking water supply (they did). The City should be afforded the right to litigate the case against local defendants in the W.D. Wisc., its home venue.

The City acknowledges that it is party to an action pending against AFFF manufactures in this MDL. *See City of Wausau v. The 3M Co.*, No. 2:23-cv-02923-RMG, Doc. 1, Compl. (D.S.C. June 22, 2023). The claims made in that action are separate and distinct from the claims in the CERCLA complaint filed against local defendants. Recently, this Court has determined that a distinct local CERCLA action does not necessarily belong in the MDL simply because a plaintiff has a claim pending in the MDL. *See* Order, *Town of East Hampton v. Incorporated Village of East Hampton et al*, No. 2:20-cv-01665-RMG, Dkt. No. 47, June 24, 2025, at 5 ("The Court does not find that this member case belongs in the MDL solely because the Town is a party to other member cases in the MDL.") Remand to W.D. Wisc. is appropriate pursuant to 28 U.S.C. § 1391 because the Local Defendants are, or were, located in or near the City and a substantial part of the events or omissions giving rise to the City's claims occurred in or near the City. *See* 28 U.S.C. § 1391.

## II.     Remand Would Follow Recent Precedent for Local CERCLA Cases, Prevent Further Expansion of the MDL Docket, and Allow for Efficient Resolutions.

Recently, this Court issued an order suggesting that the JPML remand a nearly identical case to its home venue. *See* Order, *Town of East Hampton v. Incorporated Village of East Hampton et al*, No. 2:20-cv-01665-RMG, Dkt. No. 47, June 24, 2025. The Court reasoned that

remand in that case was appropriate because (i) it involved only local entities and would not benefit from adjudication of common MDL issues, and (ii) there was no risk of inconsistent rulings or duplicative discovery if remand occurs. *See id*. Both of those circumstances are also present in this case. Like the Town of East Hampton, the City's case involves only local entities and as discussed, will not benefit from adjudication of common MDL issues. In addition, because neither AFFF manufacturers nor the United States government are defendants there is no risk of inconsistent rulings or duplicative discovery if remand occurs.

Remanding the present action would benefit not only the City's case individually but would also impact other cases in the MDL in at least three ways. First, absent a remand the Court would be forced to spend time analyzing issues unique to the City of Wausau, Wisconsin, since as this Court is well aware, CERCLA cases are complex and can involve a number of local defendants. Allowing this case to remain in the MDL could be seen as precedential to other defendants or local courts, and with the floodgates open, many other CERCLA cases from other local areas could also be transferred to the MDL, forcing the Court to spend time analyzing those unique local issues. This time intensive effort could be compounding and would certainly be counterproductive to the MDL's efforts to resolve cases efficiently.

Second, by allowing this and other CERCLA cases to proceed against local defendants in their home venues, if those cases result in judgments against the local defendants, this could potentially reduce the financial burden currently being borne on the MDL manufacturing defendants' shoulders, potentially lessening the likelihood of future bankruptcy filings. The Court expressed this as a material concern at the July 19, 2024, status conference.

Third, allowing this and other CERCLA cases to proceed against local defendants in home venues would promote efficient cleanups of recognized hazardous materials throughout the

country. The Supreme Court has stated many times that CERCLA is designed to expedite cleanups and ensure that the costs of cleanups "are borne by those responsible for contamination." *Key Tronic Corp. v. United States*, 511 U.S. 809 (1994); *see also United States v. Bestfoods*, 524 U.S. 51 (1988); *United States v. Atl. Research Corp.*, 551 U.S. 128 (2007). Allowing this and other cases to proceed in their home venue would promote CERCLA's goals. On the other hand, keeping this case in the MDL and having it wait while thousands of other cases with common questions get resolved first would frustrate CERCLA's goals.

### III.     The City's Motion and Request for Remand is Consistent with CMO 36

The City is aware that on Friday, August 22, 2025, the Court entered CMO 36 making "a suggestion and request to the JPML that all such cases, including turnout gear cases, be transferred to this Court to enable it to efficiently oversee and manage these cases." Dkt. No. 7891, p. 2. The Court further stated: "At an appropriate time, the Court will establish further procedures to allow for requests for consideration of motions to remand under terms and a process to be determined at a later date." *Id*.

The City's motion for a suggestion to and request of the JPML to remand this CERCLA case is consistent with both the letter and the spirit of CMO 36. The City understands that CMO 36 used the phrases "all such cases" and "these cases" to refer to cases involving some claim of *personal injury*, and that CMO 36 does not apply to CERCLA cases. As set forth above, the City's only intent here is to achieve an expeditious resolution of its claims and not add any further to this Court's burgeoning caseload.

If, however, this Court is planning to "establish further procedures to allow for requests for consideration of motions to remand . . . at a later date," and those procedures are intended to cover

9

personal injury as well as cases involving only CERCLA claims, then the City will hold this motion in abeyance until such guidance is issued.

## **CONCLUSION**

For the reasons set for above, good cause exists for the Court to recommend and suggest to the JPML that it remove the City's case from the MDL and REMAND it to the Western District of Wisconsin, together with such other and further relief the Court deems just and proper.

Dated: September 8, 2025                     Respectfully submitted,

 */s/ James L. Simpson*
James L. Simpson, Esq.
**Napoli Shkolnik PLLC**
360 Lexington Avenue, 11th Floor
New York NY  10017
Tel. (212) 397-1000
JSimpson@NapoliLaw.com


Approved for filing by Plaintiffs' Co-Lead Counsel:

 */s/ Scott Summy*
Scott Summy
ssummy@baronbudd.com

 */s/ Michael A. London*
Michael A. London
mlondon@douglasandlondon.com

 */s/ Joseph Rice*
Joseph Rice
jrice@motleyrice.com

10